Judge

United States District Court
Western District of Washington At Seattle

| | |
|---|---|
| Dolores M. Walters,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Holland America Line Inc., a Washington Coporation; Holland America Line-USA Inc., a Delaware corporation; Holland America Line N.V. dba Holland America Line N.V. LLC, a Foreign corporation; HAL Antillen N.V., a Curacao corporation; Holland America Line N.V., a Curacao corporation,<br><br>　　　　　　　　Defendants. | No.  15-cv-<br><br>Complaint For<br>Damages For Injuries |

## I.  Jurisdiction

1.1     This is an action by a fare-paying passenger against the agents, owners, operators and charterers of a cruise ship for injuries sustained on the cruise ship Eurodam during a cruise that commenced and or terminated in the United States.

Complaint - 1

Case No 15-

Jurisdiction is vested in this court pursuant 28 U.S.C. § 1333, due to the admiralty and maritime nature of the claim.

## II. Venue

2.1   Venue is proper under 28 U.S.C. § 1391 as Defendants do business in the Western District of Washington with offices in Seattle.  Venue also lies in this court pursuant to the terms of the Cruise Contract between Plaintiff and Defendants.

## III. Parties

3.1   Plaintiff Dolores Walters is a resident of the State of California.

3.2   At all times material, Holland America Line Inc. was a Washington corporation with business offices and a Registered Agent located at 300 Avenue West, Seattle, Washington 98119.

3.3   At all times material, Holland America Line-USA Inc. was a Delaware corporation doing business in Washington with offices and a Registered Agent located at 300 Avenue West, Seattle, Washington 98119.

3.4   At all times material, Holland America Line N.V. DBA Holland America Line N.V. LLC was a foreign corporation with a Registered Agent located at 300 Avenue West, Seattle, Washington 98119.

Complaint - 2
Case No. 15 -

WEBB LAW FIRM
Dba  Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

3.5  At all times material, HAL Antillen N.V., a Curacao corporation, was the owner of the cruise ship Eurodam and doing business in Seattle through its agent Holland America Line N.V. located at 300 Avenue West, Seattle, Washington 98119.

3.6  At all times material, the Eurodam was operated by Holland America Line N.V., a Curacao corporation, in its capacity as general partner of Cruiseport Curacao C.V.

3.7  At all times material, Holland America Line N.V. was doing business in Washington with offices and a legal department located at 300 Avenue West, Seattle, Washington 98119.

## IV. Liability: Negligence

4.1  On or about October 22, 2014, Plaintiff was a fare-paying passenger aboard the cruise ship Eurodam operating upon the navigable waters of the United States, foreign territorial waters and the high seas.

4.2  On this date, as the cruise ship departed Boston Harbor, the Plaintiff was seated with her husband on Deck 11 in the Crow's Nest Lounge.  Shortly thereafter, while Plaintiff was still in the Crow's Nest Lounge, the Eurodam steamed into a reasonably foreseeable violent storm without warning to passengers and or Plaintiff.  At that time, the ship began to shift, pitch and roll violently causing dishes and glassware to fall off shelves and crash to the Crow's Nest Lounge floor.  At about that time, Plaintiff and her husband decided that they would be safer in their cabin so they

Complaint - 3
Case No. 15 -

WEBB LAW FIRM
Dba  Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

took an elevator to the 4th deck below.  As they were exiting the elevator they heard a Ship announcement that passengers were not to use the ship elevators and that restaurants were closed until further notice.   From the elevator, Plaintiff proceeded to and entered her cabin when she observed broken glass all over the cabin room floor.  While proceeding very carefully towards her bed to lie down, the Ship, without warning, shifted violently throwing Plaintiff towards her bed  causing her to twist her right leg and strike her right knee as she fell.  Injured, Plaintiff waited for Cabin Stewards to arrive with a wheelchair to transport her to the Ship's Infirmary.  When the Stewards arrived, Plaintiff was carefully assisted up by her husband when the ship, without warning, violently shifted causing Plaintiff to fall on to her husband and to the cabin room floor.   The Cabin Stewards proceeded to pick Plaintiff up, place her in the wheelchair and transport her to the Ship's Infirmary.  As a result of the foregoing incidents, Plaintiff suffered serious bodily injuries, including fractures in her right leg.

     4.3   At all times relevant, defendants owed Plaintiff an affirmative duty of reasonable care under the circumstances, or alternatively, a higher duty of care commensurate with their common maritime carrier/passenger relationship to plaintiff.  Defendants' duty of care arose both from the maritime law of negligence and also as an implied contractual duty to their paying passenger.   Defendants failed to uphold their duty of care to Plaintiff.

Complaint - 4
Case No. 15 -

WEBB LAW FIRM
Dba  Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

4.4     On or about October 22, 2014, Defendants, their agents and employees negligently and carelessly breached their duty to exercise reasonable care under the circumstances in one or more of the following ways, but in no way limited to:

  a.     Failing to exercise that degree of care required to safeguard Plaintiff and provide a reasonably safe place to walk and means to travel;

  b.     Failing to warn or provide notice of reasonably foreseeable dangerous conditions and protect Plaintiff from the unsafe hazards presented by maritime travel, dangerous conditions and seas;

  c.     Failing to exercise that degree of care required to detect hazards and maintain the ship in a safe condition for passengers;

  d.     Failing to exercise proper seamanship and to operate the vessel in a reasonably safe manner;

  e.     Failing to warn Plaintiff of unsafe conditions created by improper maritime operations, poor seas, and/or;

  f.     Failure to take reasonable proper measures to eliminate known existing hazards and dangerous conditions to plaintiff, and/or;

4.5     At all times material, Defendants knew or should have known of the dangerous conditions causing Plaintiff's accident and did not take proper corrective measures and or provide proper warnings and or instructions to Plaintiff with regard to the reasonably foreseeable damager.

Complaint - 5
Case No. 15 -

WEBB LAW FIRM
Dba  Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

4.6     The negligence of the Defendants and the hazards presented by the known dangerous conditions was the direct and proximate cause of Plaintiff's injuries.

4.7     At all times material, Plaintiff was acting with due care for her own safety.

4.8     Plaintiff gave Defendants timely notice of her injuries and claim.

## V.  Damages

5.1     As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious bodily injuries, including but not limited to right leg fractures and soft tissue injuries all resulting in pecuniary and other compensable losses, including significant past and future medical expenses, wage loss, impairment of future earnings or earning capacity.  Plaintiff will continue to suffer such damages in the future.

5.2     As a direct and proximate result of Defendants' negligence, Plaintiff suffered physical and emotional injuries, including but not limited to, permanent physical impairment, disfigurement, pain, suffering, disability, limitations and loss of enjoyment of life in the past, and Plaintiff will continue to suffer such injuries in the future.  Further, these injuries proximately caused Plaintiff to lose the benefit of her cruise vacation resulting in additional transportation costs.  She also incurred travel expenses to medical appointments, household assistance and other out of pocket costs and damages all in amounts to be proven at the time of trial.

Complaint - 6
Case No. 15 -

WEBB LAW FIRM
Dba  Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

**WHEREFORE**, Plaintiff reiterates and incorporates each and every allegation, and prays for monetary judgment against Defendants, jointly and severally, as follows:

a. For general, special, incidental, general and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the Defendants and or their agents, employees and all other persons or entities which may be vicariously liable;

b. For all expenses of health care providers, past, present and future;

c. For punitive damages as may be permitted under applicable law;

d. For prejudgment interest on the award;

e. For Plaintiff's taxable costs of suit;

f. For post-judgment interest and other relief allowed by the Court.

**DATED this 10th day of October, 2015.**

s/GORDON C. WEBB
_____
GORDON C. WEBB, WSBA # 22777
225 106th Avenue NE
Bellevue, WA 98004
Telephone 425.454.3800
Facsimile  425.307.6449
E-mail Gordon@webblawfirm.net
Attorney for Plaintiff

**DATED this 10th day of October, 2015.**

s/JOHN W. MERRIAM
_____
John W. Merriam, WSBA # 12749
4005 20th Avenue West, Suite 110
Seattle, WA98199
Telephone 206.729.5252
Facsimile  206.729.1012
E-mail john@merriam-maritimelaw.com
Attorney for Plaintiff

Complaint - 7
Case No. 15 -

WEBB LAW FIRM
Dba  Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800